Osborn v. Osborn.

---

JOHN A. OSBORN

v.

CATHARINE A. OSBORN and others.

No presumption of a resulting trust arises from a wife's possession of premises under a voluntary conveyance by her husband.

Bill for relief. Motion to dissolve injunction, on bill and answer and affidavits on both sides.

*Mr. Leon Abbett,* for the motion.

*Mr. W. H. Vredenburgh, contra.*

THE CHANCELLOR.

The bill is filed to establish a trust in favor of "the complainant and his family" in a mortgage held by his wife, one of the defendants. The mortgage was received by her on or about the 10th of April, 1875, on account of the purchase-money of a farm of fifty acres, in Monmouth county, to which she had the title, and which was then sold and conveyed by her. The farm was, on the 13th of October, 1871, owned by the complainant, and it was then conveyed by him to his wife's father, to the end that the latter should convey it to the complainant's wife, which was done accordingly on the same day. The conveyance from the complainant to his father-in-law was entirely voluntary. The bill alleges that it was made and accepted to secure, in view of the complainant's incapacity for business, a permanent home for himself and his family against future contingencies; that the conveyance by the grantee in that deed to the complainant's wife was made in order to carry that intention into effect, and that the mortgage in question was taken by the wife on the express understanding that it was to be an investment for the support of the complainant and his family.

The answer denies all the equity of the bill. It alleges that the conveyance of the farm was made by the complainant to his father-in-law in order that the latter might convey the property to the complainant's wife, as and for her own property absolutely; that it was so conveyed to and was held by her accordingly, and that she sold and conveyed it as her own absolute property, and received the mortgage on account of the purchase-money for her own

use, and that she neither received nor held either the property or the mortgage on any trust whatever.

The parties litigant are living separate from each other, and the bill and answer present charges and counter-charges of unfaithfulness to the marriage relation by the one against the other. The wife is living in the city of New York, and has the custody of the children of the marriage, whom she maintains. It appears by the bill and the affidavits which have been submitted by the complainant (both parties read affidavits on this motion, without objection) that he relies entirely on parol proof to establish the alleged trust. Such evidence is not competent to establish a trust in the land. To receive it would be in contravention of the statute of frauds. No resulting trust arose from the voluntary conveyance by the complainant to his wife.

Mr. Hill gives it as the clear result of the authorities that where a person being a stranger in blood to the donor, and *a fortiori* if connected with him by blood, is in possession of an estate under a voluntary conveyance duly executed, the mere fact of his being a volunteer will not of itself create any presumption that he is a trustee for the grantor, but he will be considered entitled to the enjoyment of the beneficial interest unless that title is displaced by sufficient evidence of an intention on the part of the donor to create a trust. He adds the observation of the lord chancellor in *Cook* v. *Fountain*, 3 *Swanst.* 590, 591, that such donee need not bring proofs to keep his estate, but the plaintiff must bring proofs to take it from him. He further says that parol declarations cannot be received in evidence to establish the trust, for in those cases there exists no resulting or presumptive trust, and the admission of such evidence would be for the purpose of contradicting the written instrument and establishing a trust by parol in the very teeth of the statute of frauds. *Hill on Trustees* 106, 107.

Where the case is grounded on actual or constructive fraud, allegations of which are contained in the bill, parol declarations are admissible in support of those allegations;

but no fraud is alleged in this case.   Nor will the fact that, when the conveyance was made, the parties were husband and wife, withdraw the transaction from the operation of the statute of frauds.   *Perry on Trusts*, § 164.

The mortgage is for part of the purchase-money of the land, and if the trust cannot be established as to the land, parol proof of a trust in the land will not avail to establish a trust in the proceeds of the sale of it.   It may be added, that the complainant's wife absolutely, unqualifiedly and explicitly denies the existence of the alleged trust, as well as to the mortgage as in the land.

The injunction will be dissolved, with costs.